IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION FILE |
| v.  ) | |
| ) | NUMBER  1:06-cr-275-TCB |
| RUSSELL CARR ) | |
| ) | |

**O R D E R**

This case is before the Court on Russell Carr's objections [126] to Magistrate Judge E. Clayton Scofield III's Final Report and Recommendation [122].  The R&R recommends that Carr's motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 [90] be DENIED and that a certificate of appealability be DENIED.  For the following reasons, the Court ADOPTS the R&R as its Order, DENIES Carr's § 2255 motion, DENIES a certificate of appealability, and DENIES Carr's motion for leave to file affidavits in support of his § 2255 motion [91].

The Court has a duty to conduct a "careful and complete" review of a magistrate judge's R&R.  *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir.

1982)).[1]  The Court reviews for clear error portions of the R&R to which no objection has been made.  *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]  By contrast, the Court reviews *de novo* portions of the R&R to which objections have been made.  28 U.S.C. § 636(b)(1)(C).  The Court must "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990).

After conducting a complete and careful review of the R&R, the Court may accept, reject or modify the magistrate judge's findings and recommendations.  28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732.  The Court may receive further evidence or recommit the matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1)(C).

Neither Carr nor the Government objects to most of the R&R.  Portions without objection include Parts I (Factual and Procedural

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by the Unit B panel of the former Fifth Circuit.  *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1360 n.4 (11th Cir. 2009) (discussing continuing validity of *Nettles*).

[2] *Macort* addressed only the standard of review applied to a magistrate judge's factual findings; however, the Supreme Court has held there is no reason for the district court to apply a different standard of review to a magistrate judge's legal conclusions.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  District courts in this circuit have routinely applied a clear error standard to both.  *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases).

Background), II.A (The Validity of the State Drug Convictions), II.B's preamble (determining that Carr's July 16, 2003 conviction qualified as a predicate conviction for career offender sentencing), and II.B.1 (determining that Carr's August 7, 1991 conviction did *not* qualify as a predicate conviction). The Court has reviewed those portions of the R&R for clear error and has found none. The Court ADOPTS those parts as its Order. Carr objects only to Parts II.B.2 and II.B.3 of the R&R. The Court reviews those portions *de novo*.

The background of Carr's conviction and sentencing is set out in the R&R. The Court will not repeat it here. Carr contends he was improperly sentenced as a career offender under U.S.S.G. § 4B1.1(a) (Nov. 1, 2007). He argues he was not a career offender because his June 29, 1998 conviction was not a predicate conviction under the guidelines.[3] He argues his counsel was ineffective for failing to object to his sentence.

The United States Sentencing Guidelines can be arcane, and Carr raises a novel and technical issue, but the Court will do its best to explain the sentencing issue simply. Carr could be sentenced as a career offender only if he had at least two predicate convictions. U.S.S.G. § 4B1.1(a).

---

[3] Carr made the same argument on direct appeal to the Eleventh Circuit. The panel dismissed Carr's argument because he had waived his right to appeal his sentence. *United States v. Carr*, 296 F. App'x 912, 916 (11th Cir. 2008).

A predicate conviction is a prior conviction that meets two requirements: (1) it was for a felony involving drugs or violence; and (2) it would receive criminal history points under § 4A1.1(a), (b) or (c). *See* U.S.S.G. § 4B1.2(c)(2); U.S.S.G. § 4A1.1(a)-(c) (assigning criminal history points based on length of sentence); *King v. United States*, 595 F.3d 844, 848 (8th Cir. 2010) ("'To qualify as a [predicate conviction] for career offender purposes, the felony must receive criminal history points under subsection (a), (b), or (c) of § 4A1.1.'" (quoting *United States v. Peters*, 215 F.3d 861, 862 (8th Cir. 2000))).

Carr had three relevant prior convictions. There is no dispute that his August 7, 1991 conviction did not qualify as a predicate conviction for career offender sentencing. There is likewise no dispute that his July 16, 2003 conviction *did* qualify as one predicate conviction. The issue is whether Carr's June 29, 1998 conviction qualified as a second required predicate conviction. Carr says that conviction should not receive any criminal history points. If he is right, the conviction would fail to meet the second element set out above and could not qualify as a second predicate conviction for career offender sentencing.

4

Carr's disputed June 29, 1998 conviction was for two felonies: first, possession of cocaine with intent to distribute, and second, possession of a firearm by a convicted felon.  He was sentenced to three years' concurrent imprisonment on both counts.  The second count involved neither drugs nor violence and thus could not qualify as a predicate offense for career offender sentencing.  But the first count involved drugs and could qualify if it would receive criminal history points.  Carr argues the first count would not receive criminal history points because it was grouped with the second count.  If the first count, involving drugs, would not receive criminal history points, it would fail to meet the second element set out above and could not qualify as the second predicate conviction necessary for career offender sentencing.

The sentencing guidelines provide the rule for allocating criminal history points among concurrent sentences imposed for multiple-count convictions.  If a conviction is for multiple counts and those counts are sentenced concurrently, the conviction is treated as one prior conviction.  U.S.S.G. § 4A1.2(a)(2); *see King*, 595 F.3d at 848-49.  Courts allocate the number of criminal history points to the count with "the longest sentence of imprisonment . . . ." U.S.S.G. § 4A1.2(a)(2).  But in a case like Carr's, where

the two counts received concurrent sentences that are identical in length, neither count received the "longest sentence of imprisonment." *Id.* Both received at once the longest sentence and the shortest sentence. *See King*, 595 F.3d at 849-50. To which count(s) should the criminal history points be allocated? If criminal history points are allocated to the drug count, then the conviction qualifies as a predicate conviction for career offender sentencing. If, on the other hand, points are allocated to the non-drug, non-violent count, the conviction cannot qualify.

So the issue is: Where a prior conviction was for multiple counts, only one of which involved drugs or violence, and identical concurrent sentences were imposed, to which count(s) are criminal history points allocated? If points are allocated to the drug or violence count, Carr's argument is sunk. The conviction would qualify as a predicate conviction for career offender sentencing. But if points are allocated to the non-drug, non-violent count, the conviction could not qualify as a predicate conviction. In Carr's case, he would have only one predicate conviction and his sentencing as a career offender would have been improper.

The guidelines do not explicitly address this issue, and there is a split of appellate authority. A line of cases from the Eighth Circuit answers the

6

question differently from dicta in an Eleventh Circuit case. The R&R quotes at length from both the Eighth and Eleventh Circuit decisions. The Eleventh Circuit concluded the points should be allocated to the drug count. It reasoned that it "would be illogical . . . to ignore a conviction for a [drug-related or] violent felony just because it happened to be coupled with a non[-drug or] -violent felony conviction having a longer sentence." *United States v. Cornog*, 945 F.2d 1504, 1507 n.3 (11th Cir. 1991). The Eighth Circuit concluded just the opposite. It found the guidelines were ambiguous. So it applied the rule of lenity, holding that if multiple counts are given identical concurrent sentences, criminal history points are not allocated to the drug or violence count. *See King*, 595 F.3d at 850 ("Since [the defendant] received equivalent . . . sentences for the first and second counts [one being violent and the other involving neither drugs nor violence], it is unclear which should receive a criminal history point. Either both of them are 'the longest sentence of imprisonment,' § 4A1.2(a)(2), or neither is.").

Magistrate Judge Scofield concluded that both the district courts in the Eleventh Circuit and the Eleventh Circuit itself are more likely to apply the Eleventh Circuit's reasoning than the Eighth Circuit's reasoning. The

Court agrees. The Court is inclined to follow the guidance of a binding jurisdiction, even if it appears in dicta. But even if the Court were facing this question as a matter of first impression, without guidance from the Eleventh Circuit, it would still rule against Carr.

It is helpful to frame Carr's argument in common-sense terms to avoid becoming lost in the minutiae and technicality of the sentencing guidelines. Carr argues that because he committed a drug crime while *also* committing a second, non-drug crime, the second crime should wipe away the drug crime for career offender purposes. That strains credulity. Invert the facts and the absurdity of Carr's argument is clear. Had Carr committed only the drug crime and not also a secondary, non-drug crime, his conviction would obviously qualify as a predicate conviction for career offender sentencing. Should the fact that Carr simultaneously committed a second crime entitle him to *more* leniency rather than less under the guidelines? Obviously not.

The Eighth Circuit's reasoning is flawed because it overlooks the purpose of the rule requiring courts to allocate criminal history points only to the count receiving the longest of multiple concurrent sentences. U.S.S.G. § 4A1.2(a)(2). The rule's purpose is to prevent allocating excess

criminal history points where the sentencing court believed the crimes were not serious enough to warrant consecutive sentences. Without the rule, a defendant could accumulate numerous criminal history points from one conviction with several counts, even though he was sentenced to only one concurrent prison term.

Imagine a defendant who had a prior five-count state court conviction related to a single drug-trafficking incident. The defendant was sentenced to three years on the most serious count, and two years on each of the other four counts, all to run concurrently. Absent the rule in § 4A1.2(a)(2), the defendant would receive fifteen criminal history points for a mere three-year sentence—far more than the maximum three points allocated to any sentence greater than thirteen months. *See* U.S.S.G. § 4A1.1(a) (three points for each sentence of imprisonment exceeding one year and one month). With the rule, he receives only three points: only the longest sentence is counted because the sentences run concurrently. The rule ensures criminal history points are allocated in a way that mirrors the judgment of the sentencing court. If the sentencing court believed one concurrent term of imprisonment was sufficient punishment, then the

defendant should receive criminal history points for only one term of imprisonment. The Eleventh Circuit explained this principle in *Cornog*:

> The use of the longest sentence of imprisonment logically relates to the calculation of criminal history category under Guidelines § 4A1.1, which scores the defendant a number of points based on the length of his prior sentences; in other words, if the court that sentenced the defendant thought that the sentences should be served concurrently rather than consecutively, it would be fair only to consider the longest sentence-the district court may not 'double count' sentences when a prior court judged that a 'single' sentence accurately reflected the severity of the defendant's crimes.

945 F.2d at 1507 n.3.

Exporting the guidelines' longest-sentence-only rule from its natural context of calculating criminal history to the career criminal classification context turns the purpose of the rule on its head and creates an absurd result; it *rewards* the defendant for committing more crimes. That result cannot be the intention of Congress or the Sentencing Commission. It would be, as the Eleventh Circuit noted, "illogical" to ignore a drug crime for career offender sentencing just because it was sentenced concurrently with a non-drug, non-violent crime. *Id.* A defendant convicted of a drug crime and illegal possession of a gun should not escape sentencing as a career offender where another defendant convicted of the same drug crime,

but not of the illegal gun possession, would unquestionably be sentenced as a career offender.

The Court's conclusion is supported by the text of the Sentencing Reform Act of 1984, which established the United States Sentencing Commission. Congress directed the commission to "assure that the guidelines shall specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older and . . . has been previously convicted of two or more felonies, each of which is (A) a crime of violence; or (B) [a drug crime]." 28 U.S.C. § 994(h). Nowhere did Congress suggest that the commission should ignore prior convictions for drug crimes if they are committed simultaneously and sentenced concurrently with a crime unrelated to drugs or violence.

As previously indicated, the Eighth Circuit, in reaching a contrary holding, invoked the rule of lenity. *See King*, 595 F.3d at 850. The Supreme Court has stated that "the rule of lenity only applies if, after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute such that the Court must simply

guess as to what Congress intended." *Maracich v. Spears*, 133 S. Ct. 2191, 2209 (2013) (citation and internal quotation marks omitted).

The rule of lenity is inapplicable here. There is no "grievous ambiguity or uncertainty in the statute," and the Court need not "simply guess" Congressional intent. *Id.* Congress's intent is clear: defendants who have been "previously convicted of two or more felonies, each of which is (A) a crime of violence; or (B) [a drug crime]," must be sentenced as career offenders. 28 U.S.C. § 994(h). Given that clear intention, the only plausible interpretation of the sentencing guidelines is that Carr's June 29, 1998 conviction qualified as a predicate conviction. It is irrelevant that he was also convicted and sentenced for a non-drug, non-violent crime. He was properly sentenced as a career offender. The Court ADOPTS as its Order Part II.B.(2) of the R&R.

Because Carr was properly sentenced as a career offender, his argument that his counsel was ineffective for failing to object to his sentence is meritless. His counsel could not be ineffective for failing to object to an appropriate sentence.

The Court recognizes that there is disagreement over the proper allocation of criminal history points to concurrent sentences for career

offender sentencing under the guidelines. *Compare Cornog*, 945 F.2d at 1507 n.3, *with King*, 595 F.3d at 850, *and United States v. Peters*, 215 F.3d 861, 862 (8th Cir. 2000). But even if, for the sake of argument, the Court accepts Carr's interpretation of the guidelines, his ineffective assistance claim would still fail. He cannot show his counsel's assistance met the first *Strickland* prong of deficient performance. *See Smith v. Singletary*, 170 F.3d 1051, 1053 (11th Cir. 1999) ("To prevail on an ineffective-assistance-of-counsel claim, a habeas corpus petitioner must show that: (1) his lawyer's performance was deficient . . . ." (quoting *Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995); *Hill v. Lockhart*, 474 U.S. 52, 59 (1985))) (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1984)).

This area of the law is unsettled in the Eleventh Circuit. Although the Eighth Circuit has embraced Carr's argument, the only guidance from our circuit rejected it. His counsel's failure to raise an argument premised on unsettled legal grounds was not deficient performance. *See Smith*, 170 F.3d at 1054 ("[T]he rule that an attorney is not liable for an error of judgment on an unsettled proposition of law is universally recognized . . . . The reasonableness of [a] lawyer's advice must be assessed in the light of the

uncertainty in [the] law at the time the advice was given." (internal quotations and citations omitted)).

Indeed, the Eighth Circuit itself has refused to grant collateral relief on ineffective assistance claims stemming from the guidelines argument made here by Carr. *See King*, 595 F.3d at 853 (refusing to find defendant's trial counsel was ineffective even after determining the career offender sentence was improper). Even as recently as 2012 the Eighth Circuit found no ineffective assistance based on a failure to raise Carr's guidelines argument at sentencing. *See Pierce v. United States*, 686 F.3d 529, 534 (8th Cir. 2012). The court's reasoning is worth quoting at length here:

> In fact, this "relatively sophisticated" and "counter-intuitive" Guideline argument was overlooked by several extremely competent folks, starting with the probation officer (whose primary job is to calculate Guideline sentences) and ending with the district court. This bolsters the conclusion that there was no actionable Sixth Amendment violation. In order for this standard to be met, counsel's error must have been so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Given the unusual circumstances of this case, including the paucity of case law describing this precise situation, the fact that a myriad of others missed the same point, and most persuasive, the precedent set forth by *King* in refusing to find ineffective assistance for the same error, we cannot hold that *Strickland*'s standard has been met.

*Id.* The "paucity of case law" is even more severe in the Eleventh Circuit. If the Eighth Circuit, which has accepted Carr's guidelines argument, will not find ineffective assistance for failing to raise the argument at sentencing, this Court, sitting in the Eleventh Circuit, is surely unwilling to do so. *Cf. Wallace v. United States*, 2011 WL 1594837, at *6 (E.D. Mo. April 27, 2011) (finding ineffective assistance under Eighth Circuit precedent because "[s]ome version of this argument had . . . been recognized by the Eighth Circuit at least three times in the seven years before Wallace's sentencing"). Even if Carr's interpretation of the sentencing guidelines is correct, his counsel's failure to object to his sentence was not deficient performance given the lack of clarity in the law in the Eleventh Circuit. The Court ADOPTS as its Order Part II.B.3 of the R&R.

Finally, the Court holds Carr has not met the requirements for a certificate of appealability. He has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), or demonstrated "that the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted). Should the Eleventh Circuit wish to rule on the guidelines issue raised by Carr, this case would be an unlikely vehicle

for doing so. A worthy case would be one in which a defendant makes Carr's guidelines argument on direct appeal. As noted above, even the Eighth Circuit, which has been receptive to the argument, has not accepted it as grounds for collateral relief. Carr is thus not entitled to a certificate of appealability. The Court ADOPTS as its Order Part III of the R&R.

Carr's § 2255 motion [90] is DENIED. A certificate of appealability is DENIED. Because the Court finds no merit in Carr's § 2255 motion, his motion for leave to file affidavits in support of his motion [91] is DENIED.

IT IS SO ORDERED this 11th day of September, 2013.

_____
Timothy C. Batten, Sr.
United States District Judge